IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: UPSTART HOLDINGS, INC. SECURITIES LITIGATION | Case No. 2:22-cv-2935<br><br>Judge Algenon L. Marbley<br>Magistrate Judge Elizabeth A. Preston Deavers |

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' Motion to Compel (ECF No. 112) and Plaintiffs' Motion for Leave to File Sur-Reply to Defendants' Reply to Plaintiffs' Opposition to Motion to Compel ("Motion for Leave to File Sur-Reply") (ECF No. 117).  The Court finds that Plaintiffs have shown that good cause exists to grant their Motion for Leave to File Sur-Reply and that Defendants will not be prejudiced.  Accordingly, Plaintiffs' Motion for Leave to File Sur-Reply (ECF No. 117) is **GRANTED**.

For the reasons stated herein, the Motion to Compel (ECF No. 112) is **DENIED**.

**I.      MOTION TO COMPEL**

In the Motion to Compel, Defendants seek the production of two categories of documents.  First, they seek (1) "documents, privilege logs, and interrogatory responses to investigate why 'Lead Plaintiff [was] unwilling or unable' to move for class certification" in this case.  (ECF No. 112 PageID 2518.)  Second, they seek "publicly unavailable deposition transcripts (and exhibits) and declarations of Universal representatives from Universal's other securities class actions."  (*Id.*)

**A.      Standard of Review**

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the

motion to compel includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Consistent with this, Local Rule 37.1 requires the parts to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Local Rule 37.1 also allows parties to first seek an informal telephone conference with the Judge assigned to supervise discovery in the case, in lieu of immediately filing a discovery motion. *Id.* The Court is satisfied that the parties met this prerequisite.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). S*ee also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citation omitted)). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id*.

(quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted).  If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* the Fed. R. Civ. P. 26(b)(1) advisory committee's note to the 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

Applying the foregoing authority, the Court turns to each of Defendants' requests.

B.  **Discovery Related to Class Certification Filings**

Defendants seek "documents, privilege logs, and interrogatory responses to investigate why 'Lead Plaintiff [was] unwilling or unable' to move for class certification." (ECF No. 112 PageID 2518, 2520–21; ECF No. 112-3 PageID 2538–39.)  In addition, Defendants seek the name of the law firm referenced in Plaintiffs Brooks and Crain's Motion for Class Certification, (ECF No. 94 PageID 1837 n.1), any engagement letters between Universal and the unnamed law firm, and a privilege log if necessary.  (ECF No. 112 PageID 2520–21; ECF No. 112-3 PageID 2539.)  Specifically, Defendants move to compel Universal to produce documents in response to Request for Production Nos. 22 and 23, Ms. Brooks and Mr. Crain to produce documents in response to Request for Production No. 11, Universal to provide amended responses to

Interrogatories Nos. 17 and 18, and Ms. Brooks and Mr. Crain to provide amended responses to Interrogatory No. 18.  (ECF No. 112 PageID 2514.)

Defendants argue that they are entitled to this information because they believe it "bear[s] directly on whether Universal is an adequate class representative."  (ECF No. 112 PageID 2520.)  In support, Defendants rely on a Fifth Circuit case to define "adequacy" and claim that Ms. Brooks and Mr. Crain accused Universal of being unwilling or unable to "take an active role in and control the litigation and to protect the interests of absentees."  (*Id.* PageID 2521, citing *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (Adequacy determined by "whether the putative class representatives are willing and able to take an active role in and control the litigation and to protect the interests of absentees.").)

Plaintiffs respond that Defendants attempt to manufacture a dispute by mischaracterizing footnote one in Plaintiffs Brooks and Crain's Motion for Class Certification (ECF No. 94) and that these requests are irrelevant, privileged, or moot.  (ECF No. 113 PageID 2679–80; ECF No. 117-2 PageID 2399.)  Plaintiffs argue that Defendants "fail to appropriately frame the adequacy inquiry, which [Defendants] assert necessitates the discovery they seek."  (ECF No. 113 PageID 2681.)  Plaintiffs claim that these requests are moot after the second day of Universal's corporate representative deposition and Plaintiff Crain's deposition, both of which occurred after briefing on the Motion to Compel.  (ECF No. 117-2 PageID 2899.)  Plaintiffs argue that Defendants "received voluminous testimony regarding the events prior to Universal's request for a slight delay to the filing of the class certification motion," and the name of the law firm.  (*Id.* PageID 2901.)

The Court is not persuaded by Defendants' arguments.  First, Defendants have not established that their requests are relevant to Universal's adequacy as a class representative.

4

Even if the Court relied upon the *Berger* explanation of adequacy, which Defendants have not convinced the Court that it should, there is no evidence that Ms. Brooks and Mr. Crain accused Universal of being unable or unwilling to "take an active role in and control the litigation and to protect the interests of absentees." Ms. Brooks and Mr. Crain stated:

> Two business days before the Court-ordered January 29, 2024 deadline to file the motion for class certification (ECF 79), it became apparent that a law firm uninvolved in this litigation interjected itself in this action and caused Lead Plaintiff to be unwilling or unable to timely file the scheduled motion for class certification. Lead Plaintiff's last-minute, after-hours motion to modify the class certification briefing schedule (ECF 92) is a product of that interference. In light of these unprecedented circumstances and a lack of certainty as to whether the Court will indulge Lead Plaintiff's request to file an untimely motion for class certification, plaintiffs Kevin Crain . . . and Kathy Brooks . . . arranged to protect the interests of all Class members by having the undersigned counsel file the instant motion for class certification.

(ECF No. 94 PageID 1837 n.1.) It is clear that Ms. Brooks and Mr. Crain filed the first motion for class certification to meet the Court-ordered deadline in the event the Court did not grant Universal's request for an extension. Universal requesting a short extension to file a motion for class certification, promptly filing the motion, and the reasons for the requested extension are at most negligibly relevant to Universal's adequacy as a class representative, and therefore, Defendants do not satisfy the discoverability standard. *See Doe*, 2018 WL 1373868 at *2 (citations omitted). Moreover, Defendants have repeatedly received explanations for Universal's four-day delay, including through their deposition of Universal, and refused Universal's offer to supplement its interrogatory response after its deposition.[1] (ECF Nos. 113 PageID 2682; 117-2 PageID 2901–02.)

---

[1] Defendants also refused to return an explanatory call from Universal's counsel: "On January 31, 2024, counsel for Universal called the senior partner for Defendants to explain the reasons behind Universal seeking the request for an extension while Brooks and Crain filed a motion for

Accordingly, Defendants' Motion to Compel as it relates to Universal's response to Document Request No. 22; Ms. Brooks and Mr. Crain's response to Document Request No. 11; Universal's amended response to Interrogatory No. 17; and Ms. Brooks and Mr. Crain's amended responses to Interrogatory No. 18 is **DENIED**.

Second, Defendants' request for the name of unidentified law firm is moot. Defendants asked Universal's corporate representative what the name of the law firm referenced in footnote one of Plaintiffs Brooks and Crain's Motion for Class Certification (ECF No. 94), and Universal testified, under oath, that the law firm is named Bernstein, Litowitz, Berger & Grossman. (ECF No. 117-3 PageID 2912.) Accordingly, Defendants' Motion to Compel as it relates to Universal's response to Document Request No. 23 and Universal's amended response to Interrogatory No. 18 is **DENIED**.

C. **Discovery Related to Other Securities Class Actions**

Defendants move to compel Universal to produce documents to Request for Production No. 15. (ECF No. 112 PageID 2514.) Defendants request "publicly unavailable deposition transcripts (and exhibits) and declarations of Universal representatives from Universal's other securities class actions." (*Id.* PageID 2518.) Specifically, Defendants seek the non-public deposition transcripts and exhibits in two actions: *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (KPE) (S.D. Tex.) ("*Conn's*") and *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. 4:14-cv-3428 (NFA) (S.D. Tex.) ("*Cobalt*"). (*Id.* PageID 2525.) First, Defendants state that their requests are relevant to Universal's adequacy and typicality. (ECF No. 112-2 PageID 2526.) Second, Defendants contend that this information is relevant because "the publicly available

---

class certification, and left a voicemail asking for a return call (that call was not returned)." (ECF No. 113 PageID 2678, citing Moriarty Decl. ¶ 9.)

information in [*Conn's* and *Cobalt*] reveals potential inconsistencies with Universal's representations to Defendants in this action." (*Id.* PageID 2527.) Defendants argue they are entitled to this information because it may contain potential impeachment materials regarding whether or not Universal had a portfolio monitoring service agreement with Motley Rice in this matter. (*Id.*) Defendants state that the defendants in *Conn's* stated that Motley Rice provided a portfolio monitoring service to Universal but note that in the above-captioned matter, Universal stated it does not have a portfolio monitoring agreement with Motley Rice. (*Id.* PageID 2526–27.)

Plaintiffs counter that Defendants' requests are not relevant and there is no inconsistency. (ECF No. 113 PageID 2685–86.) Plaintiffs also note:

> Defendants' argument is based on the *Conn's* defendants' statement in their brief in opposition to class certification in the *Conn's* action, which asserted "Motley Rice provided [portfolio monitoring services] to Universal." However, Universal's reply brief in that case directly quoted the deposition of . . . the corporate representative for Universal, who unequivocally stated: "We never have monitoring agreements with any law firm." Defendants admitted they never read the reply brief in *Conn's* before commencing the motion to compel process.

(*Id.* PageID 2686, citing Moriarty Decl. ¶¶ 7, 12.) Plaintiffs state that Motley Rice has informed Defendants that "no monitoring agreement has existed (either now or previously) between Motley Rice or any other Plaintiffs' Counsel and Universal," and that Defendants repeatedly refused to accept these representations. (*Id.* PageID 2686.)

Defendants have failed to meet their burden of establishing that the two deposition transcripts and exhibits are relevant. Defendants only provide a conclusory statement that their requests are relevant and citations to two non-binding cases. This alone is insufficient to allow the Court to make a relevancy determination. Further, Defendants' "potential inconsistencies" argument is wholly unpersuasive. Defendants base their argument on the defendants' statements

7

in *Conn's* and ignore Universal's reply in that case, in which Universal represented that it does not have monitory agreements with any law firm. (ECF No. 113 PageID 2686–87.) Defendants also ignore counsel for Universal's repeated representations and Universal's deposition testimony that Universal does not have monitoring agreements with Motley Rice or other Plaintiffs' counsel. (ECF No. 115 PageID 2695–96.) Accordingly, Defendants' Motion to Compel Universal's amended response to Document Request No. 15 is **DENIED**.

## II. CONCLUSION

For the foregoing reasons, the Motion for Leave to File Sur-Reply (ECF No. 117) is **GRANTED** and the Motion to Compel (ECF No. 112) is **DENIED**

**IT IS SO ORDERED.**

Date: October 15, 2024            /s/ *Elizabeth A. Preston Deavers*
                                  ELIZABETH A. PRESTON DEAVERS
                                  UNITED STATES MAGISTRATE JUDGE

8