UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re UPSTART HOLDINGS, INC. SECURITIES LITIGATION | Case No. 2:22-CV-2935-ALM-EPD<br><br>Judge Algenon L. Marbley<br>Magistrate Judge Elizabeth A. Preston Deavers |

### ORDER

Before the Court is the Parties' Joint Motion and Stipulation regarding Discovery and to Extend Certain Discovery Deadlines.

Having reviewed the joint motion and stipulation and finding good cause, the Court **GRANTS** the joint motion.[1]

It is therefore **ORDERED** as follows:

1. Plaintiffs shall not seek to take the depositions of any Upstart-related deponents, including, but not limited to, any Upstart corporate representative, any current or former employees or directors of Upstart, or any Upstart business partners, agents, or other related third parties, until either: (i) the Court rules on the Proposed Third Point Defendants' anticipated motion to dismiss the proposed first amended complaint; or (ii) the Court denies Plaintiffs' motion for leave to file a proposed first amended complaint.

---

[1] Capitalized terms used herein have the meanings assigned to them in the joint motion and stipulation.

2. The Upstart Defendants shall otherwise engage in discovery, consistent with the Federal Rules of Civil Procedure, consisting of: (i) written discovery (including, but not limited to, responding to Plaintiffs' Second Set of Requests for Production of Documents to Defendant Upstart Holdings, Inc., and Plaintiffs' First Set of Requests for Admission to Defendants Upstart Holdings, Inc.); and (ii) addressing questions or concerns regarding previously served discovery, including questions Plaintiffs may have regarding the Upstart Defendants' privilege log or purported deficiencies in prior Upstart Defendants' document productions.  By this agreement, the Upstart Defendants do not waive any objections based on the nature or volume of later-served discovery.

3. The Parties shall not serve further requests for production, nor shall the parameters for the Upstart Defendants' previous document production be expanded.  However, by this agreement, Plaintiffs do not waive any rights that they would otherwise have to seek document discovery from the Upstart Defendants, consistent with the Federal Rules of Civil Procedure and the Court's orders in this case, after the Court rules on the Proposed Third Point Defendants' anticipated motion to dismiss or denies leave to amend the complaint, and Defendants do not waive any rights to object to any such discovery.

4. By entering into this stipulation, the Upstart Defendants do not waive any arguments regarding whether a discovery stay, pursuant to the Private Securities Litigation Reform Act, is currently applicable.

5. The February 21, 2025 deadline to complete merit-related fact discovery, as well as the additional deadlines in the Court's prior Preliminary Pretrial Order (ECF No.

<u>79</u>) are adjourned *sine die*. The parties shall meet and confer and jointly propose new deadlines within fourteen (14) days after either: (i) the Court rules on the Proposed Third Point Defendants' anticipated motion to dismiss the proposed first amended complaint; or (ii) the Court denies Plaintiffs' motion for leave to file a proposed first amended complaint.

**SO ORDERED** this   7th   day of   February  , 2025.

                                                */s/ Elizabeth A. Preston Deavers*
                                                ELIZABETH A. PRESTON DEAVERS
                                                UNITED STATES MAGISTRATE JUDGE