IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: UPSTART HOLDINGS, INC. SECURITIES LITIGATION | Case No. 2:22-cv-2935<br><br>Judge Algenon L. Marbley<br>Magistrate Judge Elizabeth A. Preston Deavers |

**OPINION AND ORDER**

This matter is before the Court for consideration of Non-Party Third Point's Motion for Continued Sealing. (Mot., ECF No. 149.) Lead Plaintiff Universal-Investment-Gesellschaft mbH's ("Plaintiff") filed a Reply. (Reply, ECF No. 151.) This matter is ripe for judicial review. For the reasons stated herein, the Motion is **DENIED**.

I.     **BACKGROUND**

Plaintiff moved to file Exhibits 1–5 to its Letter Briefing (ECF No. 148) under seal pursuant to the stipulated protective order (ECF No. 85). (ECF No. 144.) Third Point and Defendant Robert Schwartz marked the documents comprising the Exhibits as Confidential or Attorneys' Eyes Only and did not remove the designations at Plaintiff's request. (Reply, at PageID 5299.) The Court ordered the designating parties to move for continued sealing, otherwise the seal would be removed. (ECF No. 146.) Defendant Schwartz did not move for continued sealing.

Non-Parties Third Point LLC, Third Point Ventures LLC, and Daniel S. Loeb (collectively, "Third Point") seek continued sealing of *only* Exhibit 2 and Exhibit 5 (ECF Nos. 145-2, 145-5). (Mot. at PageID 5283.) Third Point argues that the Exhibits should "remain sealed given the information is that of a sensitive proprietary, business, and financial nature and the lack of any public access interest outweighing such confidentiality." (*Id.* at PageID 5280–

81.) Plaintiff counters that there is no compelling reason to seal the Exhibits, the public's interest outweighs Third Point's privacy interests, and Third Point's sealing request is not narrowly tailored. (Reply, at PageID 5300–05.)

## II. STANDARD OF REVIEW

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit has described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal

or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance." *Id.* at 940.

To overcome the presumption of access, the moving party "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). If the moving party can demonstrate a compelling interest, "the party must then show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason" by analyzing "'in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (citing *Shane Group*, 825 F.3d at 305). "Ultimately, the movant must show that 'disclosure will work a clearly defined and serious injury. . . . And in delineating the injury to be prevented, specificity is essential.'" *Wilson v. Ancestry.com LLC*, No. 2:22-CV-861, 2024 WL 620936, at *1 (S.D. Ohio Feb. 14, 2024) (citing *Shane Group*, 825 F.3d at 307–08 (internal citations and quotations omitted)).

### III. ANALYSIS

As an initial matter, Exhibits 1, 3, and 4 can be filed publicly. (ECF Nos. 148-1, 148-3, and 148-4.) Plaintiff only moved to seal these Exhibits pursuant to the parties' stipulated protective order, and no designating party moved to continue sealing.[1] The Court now turns to Exhibits 2 and 5.

---

[1] The Court notes that Third Point initially refused to remove its designations of Confidential/Attorneys' Eyes Only, yet now only contends that two of the five Exhibits should be filed under seal. (ECF Nos. 144, 151.) The Court advises the parties, particularly Third Point, to engage in meaningful meet and confers before filing motions.

The Court finds that Third Point fails to establish a compelling interest in the continued sealing of Exhibits 2 and 5. Third Point argues that it has a compelling interest because the Exhibits contain confidential business information. (Mot. at PageID 5280.)

Third Point's argument to seal Exhibit 2 consists entirely of the following:

> Exhibit 2 to Plaintiffs' Letter Brief contains an email exchange between a small group of Third Point executive-level employees. The exchange concerns Third Point's internal financial model for its investment in Upstart Holdings, Inc. and reflects Third Point's proprietary investment strategies for valuating, forecasting, and modeling its investments. Courts have found that where the information at issue relates to confidential "strategic business plans" or "financial data," it is appropriate for filing under seal. *See, e.g., Wilson v. Ancestry.com LLC*, 2024 WL 620936, *2 (S.D. Ohio Feb. 14, 2024) (citing *Proctor & Gamble Co. v. Ranir, LLC*, 2017 WL 3537195, *3-4 (S.D. Ohio Aug. 17, 2017)); *see also London Comput. Sys., Inc. v. Zillow, Inc.*, 2019 WL 4110516, *4 (S.D. Ohio Aug. 29, 2019).

(*Id.* at PageID 5281–82.)

Third Point's conclusory argument is unpersuasive. Certainly, as Third Point contends, courts grant motions to seal in order to protect a company's proprietary information. *See, e.g., Whitestone Grp., Inc. v. Excalibur Assocs., Inc.*, No. 2:22-CV-551, 2022 WL 985665, at *2 (S.D. Ohio Apr. 1, 2022). Indeed, "[t]his Court has repeatedly 'recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.'" *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017)).

To the extent that Third Point truly considers particular information proprietary, it fails to explain how disclosure would give a significant advantage to its competitors or result in any other "clearly defined and serious injury." *Shane Grp.*, 825 F.3d at 307. Third Point instead

offers declarative and conclusory assertions, apparently expecting the Court to take its word, rather than providing the Court with meaningful analysis.

After an *in camera* review of Exhibit 2, the Court finds that disclosure of the information in Exhibit 2 would "not seriously harm [Third Point's] competitive standing." *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2022 WL 1080772, at *3 (S.D. Ohio Apr. 11, 2022) (citing *United States ex rel. Scott*, 2021 WL 4449277, at *4). As Plaintiff points out:

> none of the actual data and financial figures, i.e., the operating data, the revenue model, the projected cash flow and the balance sheet projection, are included. The notion that a financial model should include revenue and cash flow projections five to seven years out is not exactly the formula for Coca-Cola, and does not need to be protected from Third Point's competition.

(Reply, at PageID 5302.) Further, Exhibit 2 is an email chain dated nearly four years ago. Courts routinely find that "[t]he risk of competitive harm is assumed to be lower in disclosing historical business records over more recent ones." *Ewalt*, 2022 WL 1080772, at *4 (citation omitted) (finding the defendant's vague assertions regarding a nearly six-year old email insufficient to "explain how competitors could use this dated analysis to undercut its standing in the marketplace"). The Court finds that Third Point does not have a compelling interest in the continued sealing of Exhibit 2 and fails to meet the Sixth Circuit's high standard for sealing.

Third Point's three-sentence argument to seal Exhibit 5 is even less persuasive:

> Exhibit 5 to Plaintiffs' Letter Brief is a copy of Defendant Schwartz's employment agreement with Third Point, which reflects Third Point's confidential and proprietary information on pricing, salary, and fund structure. This constitutes Third Point's competitively sensitive information and should thus be sealed. *See, e.g., Ecolab, Inc. v. Ridley*, 2023 U.S. Dist. LEXIS 238048 (E.D. Tenn. 2023) (granting seal motion where the "information could easily inform competitors' salary and job offers").

(Mot. at PageID 5282.)

5

Additionally, the Court notes that Third Point produced a redacted version of Exhibit 5 to Plaintiff. (ECF No. 148-5.) Third Point, however, fails to mention the redactions, and as such, the Court presumes Third Point requests that the redacted version of Exhibit 5 remain under seal. The Sixth Circuit's high standard for sealing "applies equally to both sealing and redacting documents from the public record." *NFocus Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 12687859, at *1 (S.D. Ohio Dec. 29, 2020) (citing *Shane Grp.*, at 305–06).

Third Point fails to demonstrate a compelling interest in the continued sealing of Exhibit 5, with or without the redactions. Again, Third Point's conclusory assertions regarding a nearly four-year old employment agreement fail to explain how disclosure of the agreement would give a significant advantage to its competitors or result in any other "clearly defined and serious injury." *Shane Grp.*, 825 F.3d at 307; *see also JobsOhio v. Nexient, LLC*, No. 2:24-CV-1445, 2024 WL 5365019, at *3–4 (S.D. Ohio Oct. 22, 2024) (denying sealing of an agreement for talent acquisition services in part because the agreement was nearly five years old). After an *in camera* review of Exhibit 5, the Court finds that public disclosure of the information in Exhibit 5 would not cause significant competitive harm to Third Point.

In sum, Third Point fails to demonstrate a compelling interest in the continued sealing of Exhibits 2 and 5.

## IV.  CONCLUSION

Accordingly, the Court **DENIES** Third Point's Motion for Continued Sealing. (ECF No. 149.) Third Point is **ORDERED** to provide Plaintiff with an unredacted copy of Exhibit 5 within **SEVEN DAYS** of this Order. Plaintiff is **DIRECTED** to publicly file Exhibits 1–5 (ECF Nos. 148-1–148-5) within **FOURTEEN DAYS** of this Order. The Clerk is **DIRECTED** to unseal ECF Nos. 148 and 151.

**IT IS SO ORDERED.**


Date:  March 17, 2025  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**